# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01742-DLB PC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 18) |

## I. Background

Plaintiff Jorge Perez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his Complaint in the Northern District of California. On October 25, 2012, the action was transferred to this Court. (ECF No. 9.) On December 12, 2012, Plaintiff filed his First Amended Complaint. (ECF No. 15.) On May 13, 2013, the Court dismissed Plaintiff's First Amended Compliant, with leave to amend. (ECF No. 16.) On June 7, 2013, Plaintiff filed a Second Amended Complaint, which is presently before the Court for screening. (ECF No. 18.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Second Amended Complaint**

Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants CCI correctional officers Y. Pantoja and S. Phair.

Plaintiff alleges the following.  Plaintiff went to seek medical attention on September 27, 2012.  Plaintiff was denied medical attention and was chemically attacked by Defendants.  Plaintiff requests as relief: one million dollars in compensatory and punitive damages.

**III.    Analysis**

    **A.     Eighth Amendment – Medical Care**

The Court will construe Plaintiff's medical care claim as arising from the Eighth Amendment. .  The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  Prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"

*Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to allege any facts which indicate that Plaintiff suffered from a serious harm, or that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Accordingly, Plaintiff fails to state an Eighth Amendment claim for medical deliberate indifference.

**B.     Eighth Amendment – Excessive Force**

Plaintiff's allegation of being "chemically attacked" is construed as a claim for excessive force in violation of the Eighth Amendment. What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that

3

the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Plaintiff fails to allege sufficient facts which would indicate that Defendants used excessive force on Plaintiff in violation of the Eighth Amendment. Accordingly, Plaintiff fails to state an Eighth Amendment claim for excessive force.

## IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

///

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 9, 2014**                                  /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE